**Judee PENNINGTON, Plaintiff–Appellant,**

v.

**UINTA COUNTY, WYOMING; Louis Napoli, Uinta County Sheriff; Uinta County Board of County Commissioners, Defendants–Appellees.**

**and**

**Todd Hoover, Uinta County Detention Officer, Defendant.**

**No. 10–8108.**

United States Court of Appeals, Tenth Circuit.

Dec. 5, 2011.

Larissa Ann McCalla, Mel C. Orchard, III, The Spence Law Firm, LLC, Jackson, WY, V. Anthony Vehar, Vehar Law Offices, Evanston, WY, for Plaintiff–Appellant.

Richard Rideout, Law Office of Richard Rideout, Patricia Lyn Bach, Melissa E. Westby, Office of the Attorney General for the State of Wyoming, Cheyenne, WY, for Defendants–Appellees.

Todd Hoover, Uinta County Detention Officer, Evanston, WY, pro se.

Before GORSUCH, HOLMES, and MATHESON, Circuit Judges.

**ORDER AND JUDGMENT\***

NEIL M. GORSUCH, Circuit Judge.

While she was an inmate at the Uinta County Detention Center, Judee Pennington suffered sexual assault at the hands of detention officer Todd Hoover. Ms. Pennington filed suit under 42 U.S.C. § 1983, claiming not only that Mr. Hoover violated her Eighth Amendment rights, but that

\* This order and judgment is not binding precedent except under the doctrines of law of the

case, res judicata and collateral estoppel. It may be cited, however, for its persuasive val-

Sheriff Louis Napoli and Uinta County did too. What happened to Ms. Pennington is inexcusable. No one before this court disputes that Mr. Hoover deserved the time in prison he received for his criminal conduct. And no one before this court disputes that Mr. Hoover must also stand trial for his conduct in this civil matter. But because the record as developed by the parties in this case contains no evidence that either the Sheriff or County was aware Mr. Hoover posed a danger of sexually assaulting inmates, the district court held them entitled to summary judgment. Ms. Pennington challenges that result, but after careful review of the parties' briefs and the record we discern no error in the district court's disposition. Neither do we think we might improve on its careful, twenty-three page explanation why the law compels the result it reached. We therefore adopt its reasoning and affirm.

